**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**MICHELLE R. HALLMARK,**

        **Plaintiff,**                              Civil Action No. 17-cv-13665

      v.                                      District Judge Victoria Roberts

**COMMISSIONER OF**                   Magistrate Judge Mona K. Majzoub
**SOCIAL SECURITY,**

        **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Michelle R. Hallmark seeks judicial review under 42 U.S.C. § 405(g) of Defendant Commissioner of Social Security's determination that she did not become entitled to benefits under the Social Security Act until March 17, 2016. (Docket no. 1.) Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 10) and Defendant's Motion for Summary Judgment (docket no. 12). This matter has been referred to the undersigned for determination of all non-dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(A) and issuance of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). (Docket no. 3.) Having reviewed the pleadings, the Court dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2) and issues this Report and Recommendation.

**I.      RECOMMENDATION**

For the reasons that follow, it is recommended that Plaintiff's Motion for Summary Judgment (docket no. 10) be **DENIED**, that Defendant's Motion for Summary Judgment (docket no. 12) be **GRANTED**, and that the case be dismissed in its entirety.

## II. PROCEDURAL HISTORY

Plaintiff applied for Disability Insurance Benefits ("DIB") as well as Supplemental Security Income ("SSI"), alleging that she has been disabled since February 1, 2014. (TR 21.) The Social Security Administration initially denied Plaintiff's claims on February 23, 2015. (*Id.*) On May 9, 2016, Plaintiff appeared with a representative and testified at a hearing before Administrative Law Judge ("ALJ") Kevin R. Barnes. (*Id.*) On August 31, 2016, the ALJ issued a partially favorable decision on Plaintiff's claims. (TR 21-30.) Plaintiff requested a review of the ALJ's decision with the Appeals Council, which was denied on October 18, 2017. (TR 1-3.) On November 10, 2017, Plaintiff commenced this action for judicial review, and the parties filed cross motions for summary judgment, which are currently before the Court. (Docket no. 10; docket no. 12.)

## III. HEARING TESTIMONY AND MEDICAL EVIDENCE

Plaintiff sets forth a brief procedural history of this matter as well as a short summary of her medical issues. (Docket no. 10, pp. 7-10.) In addition, the ALJ summarized Plaintiff's medical record (TR 23-29), and Defendant provided its own summary of the record (docket no. 12, pp. 5-10). Having conducted an independent review of Plaintiff's medical record and the hearing transcript, the undersigned finds that there are no material inconsistencies among these recitations of the record. Therefore, in lieu of re-summarizing this information, the undersigned will incorporate the above-cited factual recitations by reference and will also refer to the record as necessary to address the parties' arguments throughout this Report and Recommendation.

## IV. ADMINISTRATIVE LAW JUDGE'S DETERMINATION

The ALJ determined that Plaintiff met the insured status requirements of the Social Security Act through September 30, 2016, and that Plaintiff did not engage in substantial gainful

activity since February 1, 2014, the alleged onset date. (TR 23.) The ALJ found that Plaintiff had the following severe impairments: "lumbar instability, herniated disc, lumbar spondylosis of L4-L5 and L5-S1, chronic pain syndrome, parasthesias, osteoporosis, post-operative changes with fusion above L4-S1, arthropathy of the facet joints with partial resection on the right." (*Id.*) Nevertheless, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (TR 24.)

The ALJ determined that prior to March 17, 2016, Plaintiff had the Residual Functional Capacity ("RFC") to perform sedentary work as defined in 20 CFR 404.1567(a) with the following limitations:

- Plaintiff requires a sit/stand option at will provided she is not off task more than 10% of the workday;
- Plaintiff cannot climb ladders, ropes, or scaffolds; and
- Plaintiff can occasionally climb ramps or stairs, balance, stoop, crouch, kneel, or crawl.

(TR 25.) On the basis of this determination, the ALJ posed a hypothetical to the Vocational Expert ("VE"), who testified that a person with Plaintiff's RFC prior to March 17, 2016 could perform the requirements of Plaintiff's past relevant work as an "order clerk" both generically and as actually performed. (TR 28.)

The ALJ further determined that beginning on March 17, 2016, Plaintiff had the RFC to perform sedentary work as defined in 20 CFR 404.1567(a) with the following limitations:

- Plaintiff requires a sit/stand option at will;
- Plaintiff cannot climb ladders, ropes, or scaffolds;
- Plaintiff can occasionally climb ramps or stairs, balance, stoop, crouch, kneel, or crawl;

3

- Plaintiff requires a cane or assistive device when standing or balancing; and
- In addition to normally scheduled breaks, Plaintiff will be off task 20% of the workday.

(TR 27.) On the basis of this determination, the ALJ posed a hypothetical to the VE, who testified that a person with Plaintiff's RFC beginning on March 17, 2016 could not perform the requirements of Plaintiff's past relevant work and that there were no jobs that exist in significant numbers in the national economy that such a person could perform. (TR 28-29.)

Accordingly, the ALJ concluded that Plaintiff was not disabled prior to March 17, 2016, but became disabled on that date and continued to be disabled through the date of the decision. (TR 30.)

## V.  LAW AND ANALYSIS

### A.  Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions. Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528. It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts"). "But '[a]n ALJ's failure to follow agency rules and regulations denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record.'" *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013) (quoting *Cole v. Astrue,* 661 F.3d 931, 937 (6th Cir. 2011)).

**B.     Framework for Social Security Determinations**

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis. In the first four steps, Plaintiff was required to show that:

(1)     Plaintiff was not presently engaged in substantial gainful employment; and

(2)     Plaintiff suffered from a severe impairment; and

(3)     the impairment met or was medically equal to a "listed impairment;" or

(4)     Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f). If Plaintiff's impairments prevented Plaintiff from doing past work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past work experience to determine if Plaintiff could perform other work. If not, Plaintiff would be deemed disabled. *See id.* at § 404.1520(g). The Commissioner has the burden of proof only on

"the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [Plaintiff] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [Plaintiff's] individual physical and mental impairments.'" *Id.* (citations omitted).

**C. Analysis**

Plaintiff contends that the ALJ erred in four respects. First, Plaintiff asserts that the ALJ should have called upon a medical expert to determine the onset date of her disability. (Docket no. 10, p. 12.) Second, Plaintiff alleges that the ALJ should have obtained an updated medical opinion with respect to new medical records received after the State agency medical consultant performed her review. (*Id.* at 14.) Third, Plaintiff contends that the RFC assessment is conclusory and fails to include a rationale and/or refer to supporting evidence. (*Id*. at 16.) Fourth, Plaintiff argues that the RFC failed to include a "function-by-function" assessment. (*Id.* at 17.) The undersigned will address these arguments in turn below.

*1. Determination of Onset Date*

As set forth above, the ALJ determined that Plaintiff became disabled on March 17, 2016, as opposed to Plaintiff's alleged onset date, February 1, 2014. (TR 30.) Plaintiff contends that the ALJ should have sought additional medical opinion evidence regarding the onset date of her disability. (Docket no. 10, p. 12.) In support, Plaintiff relies on SSR 83-20, which provides in pertinent part as follows:

> In some cases, it may be possible, based on the medical evidence[,] to reasonably infer that the onset of a disabling impairment occurred some time prior to the date

>of the first recorded examination, e.g., the date the claimant stopped working. How long the disease may be determined to have existed at a disabling level of severity depends on an informed judgment of the facts in a particular case. This judgment, however, must have a legitimate medical basis. At the hearing, the administrative law judge (ALJ) should call on the services of a medical advisor when onset must be inferred.

*Titles II & XVI: Onset of Disability*, SSR 83-20 (S.S.A. 1983).

That portion of SSR 83-20 "contemplates situations when an individual claims disability and there is no development of the medical record on which the ALJ can rely to ascertain onset [date]." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 836 (6th Cir. 2006). In contrast, Plaintiff's medical record contains treatment notes ranging from January of 2013 (well before her alleged onset date) through April of 2016 (beyond the ALJ's determined onset date). (TR 273, 368.) In his decision, the ALJ highlighted an October 2015 MRI of Plaintiff's lumbar spine (TR 295-96) and treatment notes from Plaintiff's November 2015 lumbar laminectomy procedure (TR 290-91), but determined that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not fully supported prior to March 17, 2016." (TR 25-26.) In support of his determination that Plaintiff became disabled on March 17, 2016, the ALJ observed that CT scan performed on that date revealed "more extensive decompressive changes along the posterior elements" at L4-L5 and L5-S1, as well as "disc bulges at multiple levels with facet arthropathy . . . evidence of posterior endplate osteophytes protruding into the spinal canal [at L5-S1], greater toward the right, and at least mild left L4-L5 and moderate bilateral L5-S1 foraminal stenosis." (TR 27.) The ALJ also noted that Plaintiff's "March 17, 2016 treatment notes outlines [*sic*] her difficulty sleeping due to sharp pains on the bottom of her right foot." (*Id.*)

The ALJ's decision reflects a careful analysis of the medical records generated during the period between Plaintiff's alleged onset date (February 1, 2014) and the determined onset date

7

(March 17, 2016). For the reasons outlined above, SSR 83-20 did not require the ALJ to call on a medical advisor to determine the onset date of Plaintiff's disability.

### 2. *Updated Medical Records*

Next, Plaintiff asserts that the ALJ should have obtained an updated medical opinion to review supplemental medical records added to the file after the State agency medical consultant reviewed the case on February 23, 2015. (Docket no. 10, pp. 13-14.) In support, Plaintiff cites SSR 96-6p, which provides that an ALJ "must obtain an updated medical opinion from a medical expert . . . [w]hen additional medical evidence is received that in the opinion of the administrative law judge or the Appeals Council may change the State agency medical or psychological consultant's finding that the impairment(s) is not equivalent in severity to any impairment in the Listing of Impairments." *Titles II & XVI: Consideration of Admin. Findings of Fact by State Agency Med. & Psychological Consultants & Other Program Physicians & Psychologists at the Admin. Law Judge & Appeals Council*, SSR 96-6P (S.S.A. July 2, 1996).

SSR 96–6p "requires that the ALJ obtain an updated medical opinion only when the ALJ believes that the evidence could change a consultant's finding that the impairment is not equivalent to a listed impairment." *Courter v. Comm'r of Soc. Sec.*, 479 F. App'x 713, 723 (6th Cir. 2012) (citing *Burbo v. Comm'r of Soc. Sec.*, No. 10–2016, 2011 U.S. App. LEXIS 26143, at *6-7 (6th Cir. Sept. 21, 2011)). In the present case, the ALJ determined that Plaintiff's impairments did not meet or medically equal the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (TR 24.) In reaching this conclusion, the ALJ reviewed the supplemental medical records that Plaintiff submitted on May 3, 2016 (TR 365-72) and cited these records in the decision. (TR 27.) Accordingly, the ALJ did not believe that the supplemental medical records "could

8

change [the] consultant's finding that the impairment is not equivalent to a listed impairment," and had no duty to obtain an updated medical opinion.

### 3. RFC Reasoning

Plaintiff further alleges that the ALJ failed to comply with SSR 96-8p because "the RFC assessment is simply conclusory and does not contain any rationale or reference to the supporting evidence." (Docket no. 10, p. 16.) SSR 96-8p provides that "[t]he RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Titles II & XVI: Assessing Residual Functional Capacity in Initial Claims*, SSR 96-8P (S.S.A. July 2, 1996).

In discussing Plaintiff's RFC, the ALJ acknowledged Plaintiff's complaints of pain in her back and legs, analyzed reports of MRIs and CT scans of Plaintiff's lower back, and afforded partial weight to the opinion of State agency consultant Shanti Tanna, M.D. (TR 25-26.) In addition, the ALJ observed that "the record does not contain any opinions from treating or examining physicians indicating that the claimant is disabled or even has limitations greater than those determined in this decision." Accordingly, review of the ALJ's decision demonstrates that the RFC assessment meets the requirements of SSR 96-8p.

### 4. Function-by-Function Assessment

Finally, Plaintiff contends that the ALJ failed to include a "function-by-function" assessment in his RFC determination. (Docket no. 10, p. 18.) Again, Plaintiff relies on SSR 96-8p. (*Id.*)

"The RFC assessment is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities." *Titles II & XVI: Assessing*

*Residual Functional Capacity in Initial Claims*, SSR 96-8P (S.S.A. July 2, 1996). However, "[t]here is no requirement for an ALJ to detail in writing a claimant's status for every conceivable work-related function. Instead, the ALJ must discuss how the evidence supports, or not, the functional limitations identified." *Grubbs v. Comm'r of Soc. Sec.*, No. 16-10426, 2017 WL 1148918, at *2 (E.D. Mich. Mar. 28, 2017); *Delgado v. Comm'r of Soc. Sec.*, 30 F. App'x 542, 547-48 (6th Cir. 2002) (quoting *Bencivengo v. Comm'r of Soc. Sec.*, 251 F.3d 153 (3d Cir. 2000) for the proposition that "[a]lthough a function-by-function analysis is desirable, SSR 96-8p does not require ALJs to produce such a detailed statement in writing"). Furthermore, the ALJ is not required to "discuss those capacities for which no limitation is alleged." *Delgado*, 30 Fed. App'x. 542, 547 (6th Cir. 2002).

In the section of the decision regarding Plaintiff's RFC, the ALJ observed that Plaintiff "described daily activities that are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations" including that Plaintiff "was able to get her son ready for school and help him with homework, run errands, and drive a car." (TR 27.) However, in order to accommodate Plaintiff's spinal impairments, the ALJ limited Plaintiff to sedentary work with additional postural limitations and a sit/stand option at will so long as Plaintiff was not off task for more than 10% of the workday. (*Id.*) Moreover, the ALJ augmented the RFC effective March 17, 2016 to reflect that Plaintiff experienced postoperative pain that would keep her off task for up to 20% of the workday and needed a cane to walk. (TR 28.) This analysis satisfies the "function-by-function" component of SSR 96-8p.

## VI. CONCLUSION

For the reasons stated herein, it is recommended that Plaintiff's Motion for Summary Judgment (docket no. 10) be **DENIED**, that Defendant's Motion for Summary Judgment (docket no. 12) be **GRANTED**, and that the case be dismissed in its entirety.

### REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: August 15, 2018		s/ Mona K. Majzoub
		MONA K. MAJZOUB
		UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

      I hereby certify that a copy of this Report and Recommendation was served upon counsel of record on this date.

Dated: August 15, 2018        s/ Leanne Hosking
                                        Case Manager